*This opinion will be unpublished and
may not be cited except as provided by
Minn. Stat. § 480A.08, subd. 3 (2012).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A14-0858**

State of Minnesota,
Respondent,

vs.

Joseph John Wasche, III,
Appellant.

**Filed December 15, 2014
Affirmed
Klaphake, Judge***

Otter Tail County District Court
File No. 56CR11816

Lori Swanson, Attorney General, St. Paul, Minnesota; and

David J. Hauser, Otter Tail County Attorney, Heather L. Brandborg, Assistant County Attorney, Fergus Falls, Minnesota (for respondent)

Adam T. Johnson, Meshbesher & Associates, P.A., Minneapolis, Minnesota (for appellant)

        Considered and decided by Smith, Presiding Judge; Reyes, Judge; and Klaphake, Judge.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

UNPUBLISHED OPINION

**KLAPHAKE**, Judge

Appellant Joseph John Wasche, III, challenges the district court's order denying his motion to suppress the results of his breath test, arguing that his right to counsel was not vindicated and he did not validly consent to the breath test. Because we conclude that law enforcement provided appellant with a reasonable time to reach an attorney and appellant validly consented to the breath test, we affirm.

## DECISION

### *Right to Counsel*

"The question of whether a person has been allowed a reasonable time to consult with an attorney is a mixed question of law and fact." *Parsons v. Comm'r of Pub. Safety*, 488 N.W.2d 500, 501 (Minn. App. 1992). Once the facts are established, whether a person was accorded a reasonable opportunity to consult with counsel is a legal determination, reviewed de novo. *State v. Collins*, 655 N.W.2d 652, 656 (Minn. App. 2003), *review denied* (Minn. March 26, 2003).

On April 2, 2011, an Otter Tail County Sheriff's Department deputy arrested appellant for driving while impaired (DWI) in violation of Minn. Stat. §§ 169A.20, subds. 1(1), 1(5) (2010). The deputy read the implied-consent advisory and appellant indicated he wished to consult with an attorney before deciding whether to submit to a breath test. At 11:08 p.m., the deputy provided appellant with two phone books, the office phone, and appellant's personal cell phone. Appellant used his cell phone to call his girlfriend, and then made a second call and spoke to his parents and brother.

Appellant eventually obtained a phone number for an attorney, called the number, but did not leave a message. Then, appellant placed his cell phone in his belt holder and told the deputy, "I don't know. Nobody has office hours this late I guess." At 11:26 p.m., more than 17 minutes from the start, the deputy noted that appellant had "discontinued use of the phone." The deputy asked appellant whether he would consent to take a breath test, and appellant repeatedly asked whether he could take a blood test instead. Eventually, appellant agreed to submit to a breath test.

The Minnesota Constitution provides DWI arrestees with a limited right to consult with an attorney before deciding whether to submit to a breath test. Minn. Const. art 1, § 6; *Kuhn v. Comm'r of Pub. Safety*, 488 N.W.2d 838, 840 (Minn. App. 1992), *review denied* (Minn. Oct. 20, 1992). The right is vindicated if authorities provide the arrestee with access to a telephone and reasonable time to contact and talk to an attorney. *Friedman v. Comm'r of Pub. Safety*, 473 N.W.2d 828, 835 (Minn. 1991). To determine whether a person was afforded a reasonable time to reach an attorney, courts consider: (1) whether the person made a "good faith and sincere effort" to reach counsel; (2) how the time of day affects the availability of attorneys; and (3) how the time elapsed since the driver was placed under arrest would affect the driver's blood alcohol content. *Kuhn*, 488 N.W.2d at 842.

Appellant argues that the deputy did not provide him enough time to reach an attorney and arbitrarily cut off his telephone time. We disagree. After more than 17 minutes, appellant stopped trying to contact an attorney, changed the subject by asking for a blood test, and "ended his diligent exercise of his right." *Mell v. Comm'r of Pub.*

3

*Safety*, 757 N.W.2d 702, 713 (Minn. App. 2008) (holding driver's right to counsel was vindicated after driver was provided with about three minutes to contact an attorney but changed the subject and walked away from the phone). We conclude that appellant ended his effort to reach the attorney when he placed his cell phone in his belt and changed the subject by making repeated requests to have a blood test.

### Consent to Breath Test

The question of whether consent to a search was voluntary is a question of fact reviewed under the clearly-erroneous standard of review. *State v. Diede*, 795 N.W.2d 836, 846 (Minn. 2011). "Findings of fact are clearly erroneous if, on the entire evidence, we are left with the definite and firm conviction that a mistake occurred." *State v. Andersen*, 784 N.W.2d 320, 334 (Minn. 2010).

After ending appellant's telephone time, the deputy asked appellant whether he would consent to a breath test. Appellant did not answer, and instead repeatedly requested a blood test. The deputy asked appellant several times whether he would consent to a breath test, and then said, "I'll ask you one more time and then if you don't answer me, I'm gonna consider it a no." At that point, appellant indicated he would take the breath test.

The United States and Minnesota constitutions prohibit unreasonable searches and seizures. U.S. Const. amend. IV; *see also* Minn. Const. art. I, § 10. A test of a person's breath constitutes a search for purposes of the Fourth Amendment. *Skinner v. Railway Labor Execs.' Ass'n*, 489 U.S. 602, 616-17, 109 S. Ct. 1402, 1413 (1989); *State v. Netland*, 762 N.W.2d 202, 212 (Minn. 2009), *abrogated in part by Missouri v. McNeely*,

4

133 S. Ct. 1552 (2013), *as recognized in State v. Brooks*, 838 N.W.2d 563, 567 (Minn. 2013), *cert. denied*, 134 S. Ct. 1799 (2014). As a general rule, a search requires either a warrant or an exception to the warrant requirement, such as the person's consent or the existence of exigent circumstances. *McNeely*, 133 S. Ct. at 1558; *Brooks*, 838 N.W.2d at 568. The exigency created by the dissipation of alcohol in a suspect's body is not a *per se* exception to the warrant requirement. *McNeely*, 133 S. Ct. at 1568. But the consent of the person whose breath is tested is an exception to the warrant requirement, in which a police officer is not required to obtain a warrant. *Brooks*, 838 N.W.2d at 568. "For a search to fall under the consent exception, the State must show by a preponderance of the evidence that the defendant freely and voluntarily consented." *Id.* The supreme court held in *Brooks*, "Whether consent is voluntary is determined by examining the totality of the circumstances." *Id.* (quotation omitted). The relevant circumstances include "'the nature of the encounter, the kind of person the defendant is, and what was said and how it was said.'" *Id.* at 569 (quoting *State v. Dezso*, 512 N.W.2d 877, 880 (Minn. 1994)). When considering the nature of the encounter, a court should ask how the police came to suspect the driver was under the influence, whether police read the driver the implied-consent advisory, and whether the driver had an opportunity to consult with an attorney. *Id.*

A law enforcement officer may direct an arrestee to provide a breath test, and is not obligated to provide an alternative test. Minn. Stat. § 169.A.51, subd. 3 (2010).

Appellant argues that the district court erred by denying his motion to suppress the results of the breath test because he did not validly consent when the deputy repeatedly

5

requested he submit a breath sample.  We disagree. The deputy told appellant he could decline to take a breath test by stating that refusal to answer his question would be considered a "no."  As *Brooks* provides, "the fact that someone submits to the search after being told that he or she can say no to the search supports a finding of voluntariness."  *Brooks*, 838 N.W.2d at 572.  Taken together, the totality of the circumstances do not indicate that appellant's "will had been overborne and his capacity for self-determination critically impaired."  *Brooks*, 838 N.W.2d at 568.  Rather, the totality of the circumstances indicates that appellant knew he had a choice to refuse.  We conclude the district court did not err by finding that appellant validly consented to submit a breath test.

Because law enforcement provided appellant with a reasonable time to consult with an attorney and because appellant validly consented to submit a breath test, we affirm.

**Affirmed.**